Opinion
PERREN, J.
—Appellant, Amgen, Inc. (Amgen), hired respondent, Attorney Darrell G. Dotson. The employment contract was accompanied by an arbitration agreement and an appendix containing arbitration procedures. One of the provisions states; “Each party shall have the right to take the deposition of one individual and any expert witness designated by another party .... Additional discovery may be had where the Arbitrator selected pursuant to this Agreement so orders, upon a showing of need.”
Four years later, Amgen terminated Dotson’s employment, and Dotson filed a complaint for wrongful termination. Amgen moved to compel arbitration and Dotson objected. The trial court found that the provision concerning witness depositions was flawed, declined to sever the provision, and denied the motion. We conclude that the language permitting the arbitrator to expand discovery upon a showing of need removes any taint of “unconscionability” from the agreement. Accordingly, we reverse.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

In 2004, Amgen recruited and hired Dotson as a “corporate counsel Il/patent attorney.” At the time of recruitment, Dotson was employed by the law firm of Howrey & Simon in its Houston office. The offer of employment was contained in a three-page letter, which included reference to a “mutual agreement to arbitrate claims.” The arbitration agreement was a separate three-page document. Attached to the agreement was a three-page appendix. The discovery provision at issue was contained in the appendix, along with other provisions detailing arbitration procedures.
Amgen offered Dotson an annual salary of $170,000, a $35,000 signing bonus, stock options, eligibility in a management incentive plan, and other benefits. Amgen’s offer letter stated that the offer of employment was contingent upon Dotson signing the arbitration agreement. The agreement was enclosed along with materials about the agreement entitled “Arbitration *979 of Disputes,” which contained a summary of certain aspects of the agreement and answers to frequently asked questions about the agreement.
The agreement provides that all disputes between Dotson and Amgen, including claims for wrongful termination and violations of state law, would be resolved by binding arbitration. The agreement contains a paragraph in capital letters stating that Dotson should consult his attorney about the agreement, should enter the agreement voluntarily, and, by signing, waived his right to a court or jury trial. Dotson accepted the offer of employment, signed the letter and agreement, and began working for Amgen on November 1, 2004.
Dotson was terminated by Amgen on August 19, 2008, purportedly for violating certain of Amgen’s policies. Dotson filed a complaint a week later, alleging he was wrongfully terminated for whistleblowing. The complaint also alleges the arbitration agreement is unconscionable and unenforceable. We are not here concerned with the merits of the underlying lawsuit.
Amgen moved to compel arbitration. Dotson opposed the motion, asserting that numerous provisions in the agreement are unconscionable. After hearing, the trial court denied the motion on the ground that a provision limiting the parties to one deposition each, unless the arbitrator determined that more were needed, was a “substantial flaw.” In all other respects, the trial court found the agreement unobjectionable and in compliance with the standards established by our Supreme Court in Armendariz v. Foundation Health Psychcare Services, Inc. (2000) 24 Cal.4th 83, 114 [99 Cal.Rptr.2d 745, 6 P.3d 669] (Armendariz). The court denied Amgen’s request to sever the discovery provision and enforce the remainder of the agreement finding that to do so would require rewriting the agreement.

DISCUSSION Standard of Review

“Absent conflicting extrinsic evidence, the validity of an arbitration clause, including whether it is subject to revocation on unconscionability grounds, is a question of law subject to de novo review. [Citations.]” (Roman v. Superior Court (2009) 172 Cal.App.4th 1462, 1468-1469 [92 Cal.Rptr.3d 153] (Roman); see Nyulassy v. Lockheed Martin Corp. (2004) 120 Cal.App.4th 1267, 1277 [16 Cal.Rptr.3d 296].)

Applicable Law

Amgen is a multinational company to which the Federal Arbitration Act (FAA) applies. (9 U.S.C. § 1 et seq.; Sanchez v. Western Pizza Enterprises, *980 Inc. (2009) 172 Cal.App.4th 154, 164 [90 Cal.Rptr.3d 818] (Sanchez).) The FAA provides that a written arbitration agreement “shall be valid, irrevocable, and enforceable, save upon such grounds as exist in law or in equity for the revocation of any contract.” (9 U.S.C. § 2.) Thus, the validity and enforceability of an arbitration agreement is governed by state law applicable to contracts generally to the extent it does not conflict with the FAA. (Sanchez, supra, at p. 165.) This language is echoed in the California Arbitration Act, Code of Civil Procedure section 1280 et seq.[1]
In deciding whether to enforce an arbitration agreement, California courts examine whether its terms are both procedurally and substantively unconscionable. (Armendariz, supra, 24 Cal.4th at p. 114.) Procedural unconscionability focuses on oppression or unfair surprise; substantive unconscionability focuses on overly harsh or one-sided terms. (Sanchez, supra, 172 Cal.App.4th at p. 171.) The two factors are interrelated and are to be balanced in determining the enforceability of an arbitration provision. “But they need not be present in the same degree. ‘Essentially, a sliding scale is invoked which disregards the regularity of the procedural process of the contract formation, that creates the terms, in proportion to the greater harshness or unreasonableness of the substantive terms themselves.’ [Citations.]” (Armendariz, supra, at p. 114, quoting 15 Williston on Contracts (3d ed. 1972) § 1763A, pp. 226-227.) “The more procedural unconscionability is present, the less substantive unconscionability is required to justify a determination that a contract or clause is unenforceable. Conversely, the less procedural unconscionability is present, the more substantive unconscionability is required to justify such a determination. [Citation.]” (Sanchez, supra, at p. 171.)

Procedural Unconscionability

Procedural unconscionability focuses on the making of the agreement. Oppression results from unequal bargaining power, when a contracting party has no meaningful choice but to accept contract terms. Unfair surprise results from misleading bargaining conduct or other circumstances indicating that a party’s consent was not an informed choice. (Sanchez, supra, 172 Cal.App.4th at p. 173.)
Dotson asserts that the agreement is procedurally unconscionable and that the trial court so found. In this respect, the trial court’s order states: “There is no contention that his signature on the arbitration agreement was coerced or *981 rushed. It was, however, presented in a take-it-or-leave-it context, and he took it. [f] . . . [f] There is an economic disparity between Dotson and Amgen, but that exists in virtually all cases where one of the parties is a corporation, and one is not. Mr. Dotson is both a licensed attorney, and was highly compensated by Amgen. None of these factors, however, directly address the issue present here, which is the fairness of the arbitration agreement. [][] . . . Arbitration as a forum for the resolution of disputes is highly favored. That judicial favor is, however, tempered by the need for the controlling arbitration agreement to be both procedurally and substantively fair to both sides. In employment cases, the agreement is typically prepared by the employer, and presented to the employee as a condition of employment without negotiation regarding its terms. As such, the judicial discussion focuses on whether the employee is getting a fair shake in being required to resolve a dispute in a forum which typically excludes a jury, and which may severely restrict other characteristics of a Superior Court case, [f] . . . [f] In this case, the court finds that the arbitration agreement is a contract of adhesion. This, however, is not dispositive. A contract of adhesion is not per se unenforceable. Only when its provisions are unfair does it become unenforceable.”
The preceding paragraph indicates that the trial court believed that only a low degree of procedural unconscionability existed.[2] Thus, to find the agreement unenforceable, the degree of substantive unconscionability must be high. (Sanchez, supra, 172 Cal.App.4th at p. 171.)
We agree with the trial court that, under the facts of this case, procedural unconscionability is present only because the offer was presented on a take-it-or-leave-it basis. The agreement is not overly long and is written in clear, unambiguous language. The fact that arbitration was a condition of employment was stated numerous times and was set forth in large, bold typeface. Dotson does not assert that his decision to accept the condition was rushed or coerced. Dotson is not an uneducated, low-wage employee without the ability to understand that he was agreeing to arbitration. He was the opposite—a highly educated attorney, who knowingly entered into a contract containing an arbitration provision in exchange for a generous compensation and benefits package. In such circumstances, the courts have found a minimum degree of procedural unconscionability. (See, e.g., Giuliano v. Inland Empire Personnel, Inc. (2007) 149 Cal.App.4th 1276, 1292 [58 Cal.Rptr.3d 5] [“ ‘the compulsory nature of a predispute arbitration agreement does not render the agreement unenforceable on grounds of *982 coercion or for lack of voluntariness’ ”]; Mercuro v. Superior Court (2002) 96 Cal.App.4th 167, 175 [116 Cal.Rptr.2d 671] (Mercuro) [high degree of procedural unconscionability not present where employee was neither threatened nor bullied into signing agreement]; see also C.H.I., Inc. v. Marcus Bros. Textiles, Inc. (9th Cir. 1991) 930 F.2d 762, 763 [financial necessity to accept contract requiring arbitration does not constitute economic duress]; Cohen v. Wedbush, Noble, Cooke, Inc. (9th Cir. 1988) 841 F.2d 282, 286, overruled on another ground in Ticknor v. Choice Hotels Intern., Inc. (9th Cir. 2001) 265 F.3d 931, 941 [rejecting contention that arbitration agreement was an unconscionable adhesion contract simply because all securities brokers were required to execute them].)
Because the degree of procedural unconscionability is minimal, the agreement is unenforceable only if the degree of substantive unconscionability is high. (Cf. Olvera v. El Pollo Loco, Inc. (2009) 173 Cal.App.4th 447 [93 Cal.Rptr.3d 65] [high degree of procedural unconscionability where there was inequality in bargaining power between low-wage employees and employer and employees did not make informed decision because description of policy was inaccurate and misleading and appeared in much smaller type than explanatory materials].)

The Discovery Provision Is Not Unconscionable

The provision the trial court found substantively unconscionable is contained in the appendix to the arbitration agreement and states: “Each party shall have the right to take the deposition of one individual and any expert witness designated by another party. Each party also shall have the right to make requests for production of documents to any party. The subpoena right specified below in Paragraph 4 [‘[e]ach party shall have the right to subpoena witnesses and documents for the arbitration’] shall be applicable to discovery pursuant to this paragraph. Additional discovery may be had where the Arbitrator selected pursuant to this Agreement so orders, upon a showing of need.”
The trial court found the provision unconscionable because: “[T]he arbitration agreement allows each side the deposition of one natural person, and all expert witnesses. Beyond that, additional depositions are subject to a showing of ‘need’ to the arbitrator. It is with this provision that the court finds a substantive flaw, [f] This limitation on discovery is the reverse of the usual presumption in Superior Court where depositions are not limited unless the Court issues a protective order. Within the context of an employment case, this is a critical distinction. The employee typically has a greater need to take depositions to get access to persons not otherwise available to him/her in the form of company officers, supervisors, and employees who participated in the *983 decision to fire, or who may have knowledge regarding the facts on which the decision was based. Documents can provide some information, but cases frequently turn on testimony, including testimony of what a document means and the circumstances of its preparation. Secondly, employers frequently i.e. virtually always, make motions for summary judgment/summary adjudication (which are permitted by the arbitration agreement) and which are decided on declarations and deposition testimony. To leave the ability to obtain the testimony to an arbitrator’s determination of ‘need’ has the potential to work a fatal disadvantage to plaintiff. For this reason, the court finds that the agreement at issue is flawed. There is irony to this. The advantages of arbitration are frequently described as being a quick and streamlined remedy for the resolution of disputes. Both of those factors involve the potential sacrifice of substantive rights to achieve that result. As a consequence, to provide substantive fairness, it is necessary to preserve the elements which elongate the process.”
We disagree with the trial court for two reasons. First, arbitration is meant to be a streamlined procedure. Limitations on discovery, including the number of depositions, is one of the ways streamlining is achieved. In Armendariz, the court stated that the parties were entitled to discovery sufficient to vindicate their claims. (Armendariz, supra, 24 Cal.4th at pp. 105-106.) The court also acknowledged that discovery limitations are an integral and permissible part of the arbitration process. (Id. at p. 106, fn. 11.) “ ‘[A]dequate’ ” discovery does not mean “unfettered” discovery. (Mercuro, supra, 96 Cal.App.4th at p. 184.) Armendariz specifically recognized that parties may agree to something less than the full panoply of discovery permitted under the California Arbitration Act, Code of Civil Procedure section 1283.05. (Armendariz, supra, at pp. 105-106; see also Martinez v. Master Protection Corp. (2004) 118 Cal.App.4th 107, 118-119 [12 Cal.Rptr.3d 663] [agreement permitting one deposition and a document request did not as a matter of law fail to afford adequate discovery]; Mercuro, supra, at p. 183 [provision permitting an arbitrator to authorize additional depositions for “good cause” was not unconscionable].)
Most recently, in Roman, our colleagues in Division Seven pointed out that the rules of the American Arbitration Association (AAA) give the arbitrator authority to limit discovery and “to order such discovery, by way of deposition, interrogatory, document production, or otherwise, as the arbitrator considers necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of the arbitration.” (Roman, supra, 172 Cal.App.4th at p. 1475.)[3] The Court of Appeal rejected the argument that the *984 provision was unconscionable because it unfairly delegates to the arbitrator the absolute discretion to deny depositions, contrary to the rules of civil discovery, which afford litigants the absolute right to take depositions. The court said: “In Armendariz, ... the Supreme Court rejected an employee’s similar claim that a purportedly inadequate provision for discovery in an arbitration agreement was a proper ground for denying arbitration of their FEHA claims. Although the Court observed ‘some discovery is often necessary for vindicating a FEHA claim’ [citation], it held ‘whether or not the employees in this case are entitled to the full range of discovery provided in Code of Civil Procedure section 1283.05, they are at least entitled to discovery sufficient to adequately arbitrate their statutory claim, including access to essential documents and witnesses, as determined by the arbitrators) . . . .’ [Citation.]” (172 Cal.App.4th at pp. 1475-1476.) The court concluded: “There appears to be no meaningful difference between the scope of discovery approved in Armendariz and that authorized by the AAA employment dispute rules, certainly not the role of the arbitrator in controlling the extent of actual discovery permitted.” (Id. at p. 1476.)
The limitation on discovery in the Amgen agreement is not different in any meaningful respect from the AAA rule approved in Roman. Although the Amgen agreement purports to limit discovery to one deposition of a natural person, the agreement gives the arbitrator the broad discretion contemplated by the AAA rules to order the discovery needed to sufficiently litigate the parties’ claims. Contrary to the cases relied on by Dotson, the discovery provision in this case does not require a showing of “substantial” or “compelling” need or contain any other limitation on the arbitrator’s power to grant further discovery.
In addition, the trial court assumed that the arbitrator would not be fair in determining whether additional depositions were needed. This assumption is not a consideration when determining the validity of a discovery provision. Indeed, it is quite the opposite. We assume that the arbitrator will operate in a reasonable manner in conformity with the law. (See, e.g., Booker v. Robert Half International, Inc. (D.C. Cir. 2005) 413 F.3d 77, 86 [provision giving arbitrator broad discretion over discovery not unconscionable based on speculation that arbitrator would impermissibly limit discovery]; Guyden v. Aetna, Inc. (2d Cir. 2008) 544 F.3d 376, 386-387 [provision limiting discovery but permitting arbitrator to allow additional discovery upon a showing that it was “necessary” could not be invalidated based on speculation that arbitrator would not exercise discretion to permit additional discovery].)
Dotson contends these federal cases do not represent California law. We disagree. As discussed previously in Roman, the court upheld the validity of *985 similar provisions giving the arbitrator broad discretion to control discovery. The court could not have done so if it believed that the arbitrator would exercise his discretion in an unlawful manner. (See also Little v. Auto Stiegler, Inc. (2003) 29 Cal.4th 1064, 1081 [130 Cal.Rptr.2d 892, 63 P.3d 979] (Little) [enforcing discovery provision because it was not “evident from the agreement that Little will be unable to obtain adequate discovery”]; Turner v. Superior Court (1998) 67 Cal.App.4th 1432, 1438 [80 Cal.Rptr.2d 84] [“we will not presume unconscionability”]; and see People v. Allegheny Casualty Co. (2007) 41 Cal.4th 704, 718 [61 Cal.Rptr.3d 689, 161 P.3d 198] [“we do not presume a court would fail to perform that statutorily mandated duty . . ”].)[4]

The Court Should Have Severed the Unconscionable Provision

The trial court refused Amgen’s request to sever the discovery provision and enforce the rest of the agreement on the ground that “[t]he court does not find that its function is to re-write the arbitration agreement to make it substantively fair.”
Even if we assume the discovery provision to be unconscionable, which we do not, the trial court abused its discretion by refusing to sever it. Where, as here, only one provision of an agreement is found to be unconscionable and that provision can easily be severed without affecting the remainder of the agreement, the proper course is to do so. In Little, the arbitration agreement included only one unlawful provision, allowing review by a second arbitrator of any award over $50,000. Little concluded that this provision could be severed without disturbing the rest of the arbitration agreement and that no reformation was need. (Little, supra, 29 Cal.4th at pp. 1071-1075.) Little further stated that there was “no indication that the state of the law was ‘sufficiently clear at the time the arbitration agreement was signed to lead to the conclusion that th[e] . . . provision . . . was drafted in bad faith.’ [Citation.]” (Id. at pp. 1075-1076.) Little concluded that severance was appropriate and the arbitration agreement was valid and enforceable with the unconscionable provision stricken. (Id. at p. 1076.)
Like the appellate arbitration provision in Little, the discovery provision in the Amgen agreement does not permeate the agreement with an unlawful purpose and could easily have been removed without requiring reformation or augmentation of the remainder of the agreement. (Armendariz, supra, 24 *986 Cal.4th at pp. 124-125.) The presence of the discovery provision does not by itself “ ‘indicate a systematic effort to impose arbitration on an employee not simply as an alternative to litigation, but as an inferior forum that works to the employer’s advantage.’ [Citation.]” (Gentry v. Superior Court (2007) 42 Cal.4th 443, 466 [64 Cal.Rptr.3d 773, 165 P.3d 556].)
Again, we agree with our colleagues in Division Seven: “In determining whether to sever or restrict illegal terms rather than voiding the entire contract, ‘[t]he overarching inquiry is whether “ ‘the interests of justice . . . would be furthered’ ” by severance.’ [Citation.] Significantly, the strong legislative and judicial preference is to sever the offending term and enforce the balance of the agreement: Although ‘the statute appears to give a trial court some discretion as to whether to sever or restrict the unconscionable provision or whether to refuse to enforce the entire agreement^] ... it also appears to contemplate the latter course only when an agreement is “permeated” by unconscionability.’ [Citation.]” (Roman, supra, 172 Cal.App.4th at pp. 1477-1478; see also McManus v. CIBC World Markets Corp. (2003) 109 Cal.App.4th 76, 101-102 [134 Cal.Rptr.2d 446] [arbitration agreement with single unconscionable provision was not so permeated with unconscionable provisions that it could not be saved by severance].)

OTHER CONTENTIONS

The trial court did not make findings as to the enforceability of several other provisions of the agreement that Dotson contends are unconscionable. As the issues raised are purely questions of law, and the parties have fully briefed them, in the interests of judicial economy, we will discuss them briefly. (See, e.g., Sokol v. Public Utilities Commission (1966) 65 Cal.2d 247, 257 [53 Cal.Rptr. 673, 418 P.2d 265] [“the parties have invited us to decide the issue; . . . [t]he question is one of law, and the failure to consider it now would serve no purpose other than to exacerbate the burdens of the litigation”].)

The Summary Judgment Provision Is Not Unconscionable

Dotson contends that the limits on discovery make the provision in the agreement that the parties may bring motions for summary judgment during the course of arbitration unconscionable. The trial court found that, as summary judgment is based on declarations and deposition testimony, and the employee has a greater need to take multiple depositions, the limitation on discovery makes the agreement unfair.
As stated above, we will not presume that the arbitrator will act in a way that is unfair to the employee. The summary judgment provision, either by *987 itself or in conjunction with the discovery provision, does not make the agreement unconscionable. (See Schlessinger v. Rosenfeld, Meyer & Susman (1995) 40 Cal.App.4th 1096, 1105 [47 Cal.Rptr.2d 650] [arbitrator has authority under California Arbitration Act to entertain summary judgment motions].) As we have stated, the arbitration provision contemplates that there may be need for the arbitrator’s intercession should additional discovery be needed. Obtaining sworn testimony for inclusion in a motion for or opposition to summary judgment is just such a case.

The “Arbitrator Decides’’’ Provision Is Not Unconscionable

Dotson contends the following provision in the appendix to the agreement is unconscionable: “The Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, or formation of this Agreement. . . .”
This contention is contrary to the agreement and applicable case law. The agreement provides that “[e]ither party may bring an action in any court of competent jurisdiction to compel arbitration under this Agreement and to enforce an arbitration award.” This provision is consonant with Code of Civil Procedure section 1281.2, subdivision (b), which requires the court to decide the conscionability of an agreement in the process of deciding whether to grant or deny a motion to compel. Both California and federal cases hold that disputes over the meaning of specific terms or the arbitrability of the agreement may be decided by the arbitrator where, as here, it is clear and unmistakable from the terms of the agreement that the parties intended those questions should be decided by the arbitrator. (First Options of Chicago, Inc. v. Kaplan (1995) 514 U.S. 938, 944-945 [131 L.Ed.2d 985, 115 S.Ct. 1920]; Dream Theater, Inc. v. Dream Theater (2004) 124 Cal.App.4th 547, 550-557 [21 Cal.Rptr.3d 322].)

The Standard of Review Is Not Unconscionable

Dotson contends the agreement applies a lower standard of proof to judicial review of an arbitration award. The appendix to the agreement states: “A party opposing enforcement of an award may not do so in an enforcement proceeding, but must bring a separate action in any court of competent jurisdiction to set aside the award, where the standard of review will be the same as that applied by an appellate court reviewing a decision of a trial court sitting without a jury.”
A similar provision was upheld by our Supreme Court in Cable Connection, Inc. v. DIRECTV, Inc. (2008) 44 Cal.4th 1334, 1340 [82 *988 Cal.Rptr.3d 229, 190 P.3d 586]: “[C]ontractual limitations may alter the usual scope of review.” In making this pronouncement, the Court said it was merely adhering to its holding in Moncharsh v. Heily & Blase (1992) 3 Cal.4th 1 [10 Cal.Rptr.2d 183, 832 P.2d 899]. (Cable Connection, at p. 1340.)

DISPOSITION

The order is reversed and the matter is remanded to the trial court to enter an order granting Amgen’s motion to compel arbitration. Amgen shall recover costs on appeal.
Gilbert, P. J., and Coffee, J., concurred.
Respondent’s petition for review by the Supreme Court was denied May 12, 2010, SI80960.

 Code of Civil Procedure section 1281 states: “A written agreement to submit to arbitration an existing controversy or a controversy thereafter arising is valid, enforceable and irrevocable, save upon such grounds as exist for the revocation of any contract.”

 We acknowledge that the contract was offered on a take-it-or-leave-it basis and was drafted by Amgen. Nevertheless, if the rule is that such relationships are necessarily adhesive and suffer from some degree of adhesion, the matter under consideration demonstrates the least oppressive of such relationships. It appears that Dotson falls into the category of “sought-after employees,” who are positioned to reject offers of employment. (Armendariz, supra, 24 Cal.4th at p. 115.)

 The rules of the alternative mediation him JAMS contain a similar discovery provision limiting a party to one deposition as of right and additional depositions upon request to the arbitrator. (JAMS rule 17(b).)

 Amgen requests we take judicial notice of the decisions by two other judges of the Ventura County Superior Court and by an Orange County Superior Court holding the discovery provision in the Amgen arbitration agreement is valid and enforceable. We decline the invitation.