Filed 1/4/20  Tzovolos v. Worldwide Flight Services CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| CHRISAVGI TZOVOLOS, | B302303 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 19STCV13254) |
| v. | |
| WORLDWIDE FLIGHT SERVICES, INC., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Anthony Mohr, Judge.  Reversed and remanded with directions.

Howard & Howard Attorneys, Ryan A. Ellis and Robert Rosenthal for Defendant and Appellant.

Jay S. Rothman & Associates and Jeff D. Neiderman for Plaintiff and Respondent.

————————————————

Chrisavgi Tzovolos (Tzovolos) sued her former employer Worldwide Flight Services, Inc. (WFS), alleging she was terminated on the basis of gender and in violation of public policy. She also asserted wage and hour causes of action. WFS moved to compel arbitration and stay all proceedings, invoking an arbitration agreement (the Agreement) Tzovolos signed. The trial court denied WFS's motion, finding the Agreement was substantively unconscionable.

WFS argues the trial court incorrectly concluded the Agreement was substantively unconscionable because the plain text of the Agreement reveals mutuality of obligation. WFS also argues reversal is required because the trial court's ruling failed to address procedural unconscionability.

We reverse and remand with directions. The trial court correctly found the Agreement was substantively unconscionable because it imposes multiple one-sided obligations on employees, including a requirement that an employee exhaust a multi-step internal grievance procedure controlled by WFS as a prerequisite to commencing arbitration. However, we agree with WFS that the trial court's failure to make any findings involving procedural unconscionability requires reversal. On remand, the trial court is instructed to make the factual findings necessary to support its analysis of procedural unconscionability.

### FACTUAL AND PROCEDURAL BACKGROUND

Tzovolos began working for WFS in August 2018 as a customer service agent. That same month, Tzovolos claims her direct supervisor began sexually harassing her and discriminating against her on the basis of her gender. After Tzovolos complained about her supervisor's harassment, he retaliated by giving her poor performance reviews, alleging she

2

was sexually harassing him, and that she smelled of marijuana at work.

Tzovolos was terminated on January 28, 2019. WFS cited poor attendance and her supervisor's sexual harassment allegations. She alleges these reasons were pretextual and that her termination was in fact "a final act of retaliation."

Tzovolos filed a claim with the California Department of Fair Employment and Housing, pursuant to Government Code section 12965, subdivision (b), under the Fair Employment and Housing Act (FEHA).

On April 17, 2019, following the issuance of a right to sue letter, Tzovolos filed a complaint in superior court alleging 12 causes of action. Included in the complaint are claims for wrongful termination in violation of public policy, sexual harassment, discrimination based on sex/gender, retaliation (Gov. Code, § 12940 et seq.), and violations of various Labor Code provisions governing wages, working hours, and rest breaks.

WFS moved to compel arbitration pursuant to Code of Civil Procedure section 1281.4 and stay all proceedings on the basis of the Agreement. The trial court denied the motion.

In a brief written ruling, the court found the Agreement was substantively unconscionable. The ruling did not address whether the Agreement was procedurally unconscionable, nor did it address whether the offending portions of the Agreement could be severed.

WFS timely appealed.

## DISCUSSION

### A.    Standard of Review

We review a trial court's denial of a motion to enforce an arbitration agreement de novo. (*Roman v. Superior Court* (2009)

3

172 Cal.App.4th 1462, 1468-1469, citing *Nyulassy v. Lockheed Martin Corp.* (2004) 120 Cal.App.4th 1267, 1277 (*Nyulassy*).)

**B.** **The Trial Court Properly Found the Agreement Was Substantively Unconscionable**

1. *The Arbitration Agreement*

The arbitration agreement at issue here is a three-page, single-spaced document entitled "AGREEMENT TO SUBMIT ALL DISPUTES TO BINDING ARBITRATION." It begins with a one-paragraph introduction, and is followed by three sections. The introduction states, in full: "This Agreement applies to any claim made by you, as an employee of Worldwide Flight Services or its affiliate ('WFS'), that WFS did not comply with its own policies, that WFS did not comply with governing federal or state law, and to any other claim arising from or related to your employment that is *not* subject to an applicable Collective Bargaining Agreement and the grievance procedure provided therein (hereafter collectively referred to as the 'Claims')."

The "Grievance and Hearing Process" section outlines five steps the employee is required to follow in every case in which the employee has "a job-related problem or complaint."

The first step requires the employee to submit a written grievance to her immediate supervisor "within 7 days of the action grieved." Step two indicates that if the supervisor is the subject of the grievance, or if the supervisor did not return a written decision on the grievance within one week of receipt, or if the employee is dissatisfied with the resolution, then the employee must move to step three. Step three "involves requesting and scheduling an appeal hearing." At this stage, WFS's chief operating officer "will investigate all the facts upon which the grievance is based and shall render a decision as soon

4

as possible but not later than 10 days following receipt of the appeal."  If still dissatisfied, step four directs the employee to file another appeal within 20 days with the review board specified in an applicable collective bargaining agreement.  If the dispute still is not resolved, step five provides that the employee and WFS agree "to ***exclusively*** resolve any and all unresolved Claims through binding arbitration before a neutral arbitrator."

In italics, the Agreement warns:  "[*The*] *deadlines to file a grievance and the deadlines to file appeals must be strictly followed by you.  If you do not file the grievance or a subsequent appeal by the time prescribed in this Agreement then the grievance and any subsequent appeal right will be considered waived by you*."

The "Employment Arbitration Plan – Related Procedure" section indicates that the parties agree to submit to binding arbitration administered by the American Arbitration Association.  This section contains the following provision:  "The arbitrator shall be bound by and apply any and all relevant agreements between the parties including, without limitation, this Agreement, which includes the Grievance and Hearing Process contained herein; accordingly, the arbitrator shall enter an award for WFS promptly on any Claims where it has been shown that you have not complied with such Grievance and Hearing Process."

In the final section, the employee waives all rights to pursue any class or collective actions against WFS.

Finally, the Agreement contains the following severability clause:  "If any term(s) in this Agreement is found to be void or voidable, the remainder of the Agreement is severable and will remain in force."

5

2. *Governing Law*

Under Civil Code section 1670.5 and Code of Civil Procedure section 1281, if the court finds as a matter of law that an arbitration contract or any clause of the contract was unconscionable when made, the court may refuse to enforce the contract. (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 114 (*Armendariz*).)

The doctrine of unconscionability has both a procedural and a substantive element. (*Baltazar v. Forever 21, Inc.* (2016) 62 Cal.4th 1237, 1243 (*Baltazar.*) The procedural unconscionability element focuses on oppression, lack of freedom of assent, and surprise due to unequal bargaining power. (*Ibid.*) The substantive unconscionability element is present when an agreement has overly harsh or one-sided terms. (*Ibid.*)

Both procedural and substantive unconscionability must be present " ' "in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability." ' " (*Baltazar*, *supra*, 62 Cal.4th at p. 1243, quoting *Armendariz*, *supra*, 24 Cal.4th at p. 114.) Yet, both forms of unconscionability need not be present in the same degree. (*Baltazar*, *supra*, at p. 1243.) " ' "Essentially a sliding scale is invoked . . . ." [T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa.' " (*Id.* at pp. 1243-1244, quoting *Armendariz, supra,* at p. 114.)

3. *Analysis*

"A contractual provision that is substantively unconscionable 'may take various forms, but may generally be described as unfairly one-sided.' " (*Nyulassy, supra*, 120

6

Cal.App.4th at p. 1281, quoting *Little v. Auto Stiegler, Inc.* (2003) 29 Cal.4th 1064, 1071.) In *Nyulassy*, the Sixth District reviewed an employment-based agreement to arbitrate containing similar provisions to those at issue here. *Nyulassy* held three provisions of the agreement in particular rendered it substantively unconscionable. Two such provisions are present in the WFS Agreement.

The first provision the *Nyulassy* court examined was a one-sided requirement that the employee "submit to discussions with his supervisors in advance of, and as a condition precedent to, having his dispute resolved through binding arbitration." (*Nyulassy*, *supra*, 120 Cal.App.4th at p. 1282.) Because the employer controlled the internal dispute resolution procedure, a dutiful employee going through that procedure before proceeding to arbitrate gives the employer "a 'free-peek' at [the] plaintiff's case, thereby obtaining an advantage if and when [the] plaintiff were to later demand arbitration." (*Id.* at p. 1283.)

The Agreement here also contains a pre-arbitration internal grievance procedure. The Agreement plainly provides that the internal grievance procedures apply only to WFS employees; the employer is not subjected to any corresponding pre-dispute procedure. Moreover, the pre-arbitration procedures here are even more burdensome than those addressed in *Nyulassy*. There, the employee was required only to discuss the grievance with his or her supervisor. (See *Nyulassy*, *supra*, 120 Cal.App.4th at pp. 1282-1283.) Here, that is but the first of five steps facing an aggrieved WFS employee who wishes to arbitrate her claims.

Second, the agreement in *Nyulassy* materially shortened the employee's limitations period, but did not alter the employer's

7

period to bring claims.  "In limiting the time to assert a claim to a maximum of 180 days of the date of his employment termination . . . , [the] plaintiff's time for bringing a claim is shortened, in some instances, by a period of *more than three and one-half years*."  (*Nyulassy*, *supra*, 120 Cal.App.4th at p. 1283, fn. omitted.)

The Agreement here also shortens the employee's limitations period, but is far more restrictive.  The Agreement requires the employee to submit a written grievance within *seven* days.  The Agreement then warns in italic type that if an employee does not file a grievance within the applicable seven-day period, "*any subsequent appeal right will be considered waived by you*."  A comparison of this seven-day limitations period to those otherwise applicable to the causes of action pleaded in the complaint supports the conclusion that the limitation is unconscionable.  The claims for wrongful termination, sexual harassment, discrimination, and retaliation under FEHA are subject to a *one-year* limitations period running from the date of the alleged unlawful practice.  (See Gov. Code, § 12960.)  While a reduction in the time to file such claims is not dispositive of whether the arbitration agreement is substantively unconscionable, we agree with *Nyulassy* that such a reduction is "*one factor*."  (*Nyulassy*, *supra*, 120 Cal.App.4th at p. 1283, fn. 12; see also *Martinez v. Master Protection Corp.* (2004) 118 Cal.App.4th 107, 117-118 [holding that a provision imposing a deadline of six months after the claim arose was substantively unconscionable because the statutes governing the FEHA and Labor Code violations provided "significantly longer" time limits].)

There is yet a third provision in the Agreement weighing against its enforcement. In the "Employment Arbitration Plan – Related Procedure" section, the Agreement provides that if the arbitrator determines the employee has not complied with the grievance process and its strict deadlines, "the arbitrator shall enter an award for WFS promptly on all Claims." The effect of this provision is that even if a dutiful employee makes it through the WFS grievance procedure and into arbitration, the arbitrator may nonetheless rule for WFS without passing on the merits of the underlying claims if he or she finds the employee did not comply with the grievance procedure. The Agreement imposes no such penalty upon WFS because its grievances are not subject to a grievance procedure.

WFS contends the Agreement is not one-sided because the plain meaning of the Agreement clearly demonstrates that WFS and Tzovolos agreed to the exclusive remedy of binding arbitration. WFS invokes the following language in particular: "[T]he parties hereby waive any right to assert in court or any other non-arbitral forum any dispute that was or could have been brought or raised under the procedures set forth in this Agreement, and agree to the following exclusive Arbitration Procedure."

WFS likens this language to the arbitration agreement upheld in *Baltazar*. That agreement provided the parties " 'mutually agree[d]' to arbitrate 'any claim or action arising out of or in any way related to the hire, employment, remuneration, separation or termination of [the e]mployee.' " (*Baltazar*, *supra*, 62 Cal.4th at p. 1241.) The court rejected the employee's claim that the agreement was too one-sided, holding that the

agreement made it "clear that the parties mutually agree[d] to arbitrate all employment-related claims." (*Id.* at p. 1249.)

WFS's reliance on *Baltazar* is misplaced. The arbitration agreement in *Baltazar* did not include a one-sided internal grievance procedure as a prerequisite to the employee's ability to commence arbitration, unlike the procedures set forth in the WFS Agreement. "[T]he paramount consideration in assessing [substantive] conscionability is mutuality." (*Abramson v. Juniper Networks, Inc.* (2004) 115 Cal.App.4th 638, 657; see *Nyulassy, supra,* 120 Cal.App.4th at p. 1281.) The Agreement here lacks mutuality in that (a) it imposes a one-sided, multi-step, employer-controlled, pre-arbitration procedure upon employees; (b) severely limits the time within which an employee may demand arbitration to vindicate her rights; and (c) compels the arbitrator to find for WFS on all claims if it shows that the employee did not comply with its grievance process, irrespective of the merit of the underlying claims. We therefore hold the trial court rightly found the Agreement is substantively unconscionable.[1]

## C. The Absence of Findings on Procedural Unconscionability Requires Reversal

WFS contends the trial court erred by failing to rule on the question of procedural unconscionability and that no evidence supports such a finding.

---

[1] Because we find the Agreement substantively unconscionable on the grounds discussed above, we need not address Tzovolos's argument that the Agreement also is substantively unconscionable because of the limitations it places on her discovery rights in arbitration.

In the trial court, Tzovolos argued that the Agreement is a "preemployment adhesion contract that was imposed on [Tzovolos] as a condition of her employment," but presented no evidence to support that claim. Accordingly, we must reverse for the trial court to determine whether the Agreement is procedurally unconscionable. In conducting its analysis, the trial court may exercise its discretion to consider additional evidence as it deems appropriate. Once the trial court makes its determination, it shall apply the sliding scale analysis as set forth in *Balthazar* and *Armendariz* and, if necessary, reevaluate the question of severability.

## DISPOSITION

The order is reversed and remanded to the trial court for proceedings consistent with this opinion. The parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED


FEDERMAN, J.[*]


We concur:



ROTHSCHILD, P. J.          CHANEY, J.

---

[*] Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.