Filed 4/10/14  Hoyle v. Top Surgeons CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| **ELISABETH HOYLE,** | **B247375** |
| **Plaintiff and Respondent,** | (Los Angeles County |
| **v.** | **Super. Ct. No. MC023872)** |
| **TOP SURGEONS, LLC (CONVERTED OUT FROM TOP SURGEONS, INC., D/B/A WEIGHT LOSS CENTERS),** | |
| **Defendant and Appellant.** | |

APPEAL from a petition to compel arbitration of the Superior Court of Los Angeles County.  Brian C. Yep, Judge.  Affirmed.

Prindle, Amaro, Goetz, Hillyard, Barnes & Reinholtz LLP, Jack R. Reinholtz and Douglas S. de Heras for Defendant and Appellant.

Brian E. Reed for Plaintiff and Respondent.

\* \* \* \* \* \*

The trial court denied a petition to compel arbitration filed by defendant and appellant Top Surgeons LLC (converted out from Top Surgeons, Inc., dba Weight Loss Centers) involving the complaint alleging negligence and fraud filed by plaintiff and respondent Elisabeth Hoyle.  The trial court ruled that appellant was not a party to any arbitration agreement, nor had it established it fell within one of the classes of nonsignatories entitled to enforce such an agreement.  We affirm.  Appellant failed to meet its burden to show it was entitled to enforcement, as it offered no evidence to establish it had a relationship with any of the signatories to the arbitration agreements.

## FACTUAL AND PROCEDURAL BACKGROUND

In November 2012, Hoyle and her husband filed a complaint alleging causes of action for negligence, fraud and loss of consortium against appellant, New Life Surgery Center, Lee K. Au, M.D., and Tri City Regional Medical Center.  They generally alleged that defendants negligently and fraudulently recommended Hoyle for "Lap Band" surgery, knew or should have known that she was not an appropriate candidate for such surgery and negligently performed the surgery, causing significant and permanent bodily injury.

On January 11, 2013, appellant and New Life Surgery Center filed a petition to compel arbitration.[1]  In support of the petition, appellant submitted copies of three arbitration agreements (Agreements) dated February 8, March 19 and April 22, 2011, signed by Hoyle and a representative of "Valencia A.S.C.," a representative of "Orange County," and a representative of "Valley Surgical Center," respectively.  In its petition, appellant argued it was entitled to enforce the Agreements pursuant to the provision that "[a]ll claims for monetary damages exceeding the jurisdiction limit of small claims court against the physician, and the physician's partners, associates, association, corporation or partnership, and the employees, agents and estates of any of them, must be arbitrated."  Though that clause appears in none of the Agreements, each of the Agreements similarly

---

[1]  New Life Surgery Center was later dismissed from the action and is not a party to this appeal.  Accordingly, we generally refer to appellant, singularly, as the petitioning party.

provided that "whether any medical services rendered under this contract was unnecessary or unauthorized or were improperly, negligently or incompetently rendered, will be determined by submission to arbitration as provided by California Law," and "[a]ll claims against the health care provider, physician, surgeon, and/or any partners, associates, associations, corporations or partnerships, and the employees, agents, independent contractors and/or estates of any of them, must be arbitrated . . . ." Without explaining its relationship to the Agreements' signatories, appellant argued it was third party beneficiary and/or agent, and that Hoyle's claims fell within the scope of the Agreements.

Appellant also offered the declaration of its counsel, who averred that appellant and New Life Surgery Center were entitled to enforce the Agreements as to Hoyle's claims against them "as contracting parties and third party beneficiaries and/or alleged agents as the claims made against [them] arise out of allegations of medical professional negligence." It also submitted the declaration of its manager Charles Klasky. He averred it was appellant's custom and practice to give all patients an opportunity to sign an arbitration agreement, that the Agreements were true and correct copies signed by Hoyle and appellant was entitled to enforce the Agreements as a third party beneficiary. Monica Porter, New Life Surgery Center's assistant manager, submitted a virtually identical declaration on behalf of that moving party.

Hoyle then filed an amended complaint eliminating New Life Surgery Center as a defendant, eliminating her husband as a plaintiff as well as any claim for loss of consortium, and adding allegations concerning defendants' negligent failure to diagnose her preexisting condition of "achalasia," failure to obtain her informed consent to surgery and concealment of their negligent conduct. She thereafter opposed the petition to compel arbitration, arguing that appellant was not entitled to enforce the Agreements because it not was a signatory and it offered no evidence to show it was intended to be a third party beneficiary of the Agreements. Within her opposition, she objected to the declarations submitted in support of the petition.

3

The trial court took the matter under submission, and in February 2013 issued a minute order denying the petition to compel arbitration. It found the evidence offered in connection with the petition showed that appellant was not a party to the Agreements. Thus, to enforce the Agreements, appellant bore the burden of showing it was a third party beneficiary. It ruled appellant failed to satisfy its burden: "The motion is denied because no evidence has been presented to the Court which explains who the signatures to the [Agreements] are (Valencia, ASC; Orange County; and Valley Surgical Center), how they are related to the moving parties, and why the contracts/arbitration clauses w[]ere intended to benefit the moving parties. Conclusory language in the declarations that 'NLSC/Weight Loss Centers is a third party beneficiary of the arbitration agreement' is insufficient."

This appeal followed.

## DISCUSSION

Code of Civil Procedure section 1281.2 provides in pertinent part: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists. . . ." "The petitioner bears the burden of proving the existence of a valid arbitration agreement by the preponderance of the evidence, and a party opposing the petition bears the burden of proving by a preponderance of the evidence any fact necessary to its defense." (*Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 972.)

On appeal from an order denying a petition to compel arbitration, we review the trial court's factual determinations under the substantial evidence standard, and we review the legal issues independently. (*Duick v. Toyota Motor Sales, U.S.A., Inc.* (2011) 198 Cal.App.4th 1316, 1320; *Provencio v. WMA Securities, Inc.* (2005) 125 Cal.App.4th 1028, 1031.) Where the facts are undisputed, we independently review the trial court's order. (*Molecular Analytical Systems v. Ciphergen Biosystems, Inc.* (2010) 186 Cal.App.4th 696, 707-708 (*Molecular Analytical*).) More specifically, we review

4

independently the question of whether and to what extent a nonsignatory may enforce an arbitration agreement. (*DMS Services, Inc. v. Superior Court* (2012) 205 Cal.App.4th 1346, 1352 (*DMS Services*); *Molecular Analytical, supra,* 186 Cal.App.4th at p. 708.)

Here, the undisputed evidence before the trial court established that Hoyle sued appellant, New Life Surgery Center, Dr. Au and Tri-City Regional Medical Center for medical malpractice and fraud, later dismissing New Life Surgery Center; Hoyle alleged that the defendants were the agents and employees of each other; appellant petitioned to compel arbitration of the dispute on the basis of the Agreements signed by Hoyle and representatives of Valencia A.S.C., Orange County and Valley Surgical Center; and appellant was not a party or a signatory to the Agreements, nor was it or any other defendant referenced in the Agreements.

"Generally speaking, one must be a party to an arbitration agreement to be bound by it." (*Buckner v. Tamarin* (2002) 98 Cal.App.4th 140, 142; accord, *DMS Services, supra,* 205 Cal.App.4th at p. 1352 ["Because arbitration is a matter of contract, generally "'one must be a party to an arbitration agreement to be bound by it or invoke it'"]; *Matthau v. Superior Court* (2007) 151 Cal.App.4th 593, 598 ["the policy favoring arbitration does not eliminate the need for an agreement to arbitrate and does not extend to persons who are not parties to an agreement to arbitrate"].) Nonetheless, courts have recognized limited exceptions to this rule, permitting nonsignatories to compel arbitration of a dispute within the scope of an arbitration agreement. (*DMS Services, supra,* 205 Cal.App.4th at p. 1353; *Westra v. Marcus & Millichap Real Estate Inv. Brokerage Co., Inc.* (2005) 129 Cal.App.4th 759, 765 (*Westra*).) For example, "[a] nonsignatory to an agreement to arbitrate may be required to arbitrate, and may invoke arbitration against a party, if a preexisting confidential relationship, such as an agency relationship between the nonsignatory and one of the parties to the arbitration agreement, makes it equitable to impose the duty to arbitrate upon the nonsignatory. [Citation.]" (*Westra, supra,* 129 Cal.App.4th at p. 765; see also *Suh v. Superior Court* (2010) 181 Cal.App.4th 1504, 1513 [listing six theories by which a nonsignatory may seek to invoke or be bound by an

5

arbitration provision: "'(a) incorporation by reference; (b) assumption; (c) agency; (d) veil-piercing or alter ego; (e) estoppel; and (f) third-party beneficiary'"].)

Appellant relies on three theories, arguing it was entitled to enforce the Agreements under the theories of agency, equitable estoppel and third-party beneficiary. (See generally *Thomas v. Westlake* (2012) 204 Cal.App.4th 605, 614 ["when a plaintiff alleges a defendant acted as an agent of a party to an arbitration agreement, the defendant may enforce the agreement even though the defendant is not a party thereto"]; *Goldman v. KPMG, LLP* (2009) 173 Cal.App.4th 209, 229-230 ["equitable estoppel applies only if the plaintiffs' claims against the nonsignatory are dependent upon, or inextricably bound up with, the obligations imposed by the contract plaintiff has signed with the signatory defendant"]; *Valley Casework, Inc. v. Comfort Construction, Inc.* (1999) 76 Cal.App.4th 1013, 1021 ["a person who can show he is a third party beneficiary of an arbitration agreement may be entitled to enforce that agreement"].)

As summarized in *County of Contra Costa v. Kaiser Foundation Health Plan, Inc.* (1996) 47 Cal.App.4th 237, 242, "a preexisting relationship between the nonsignatory and one of the parties to the arbitration agreement is a common factor in these cases" permitting nonsignatories to enforce arbitration agreements. (See also *Buckner v. Tamarin, supra*, 98 Cal.App.4th at pp. 142-143 [noting that the "'common thread'" in cases permitting nonsignatories to arbitrate "'is the existence of an agency or similar relationship between the nonsignatory and one of the parties to the arbitration agreement. In the absence of such a relationship, courts have refused to hold nonsignatories to arbitration agreements'"].)

Here, the trial court concluded that appellant had not met its burden to show how any of the theories enabling it to enforce the Agreements would apply, as it offered no evidence to show how it was related to the Agreements' signatories, how Hoyle's claims against it related to the matters subject to arbitration specified in the Agreements or how the Agreements were intended to benefit it. Though the declarations offered in support of the petition summarily averred that appellant was entitled to enforce the Agreements as an agent or third party beneficiary, none explained who had signed the Agreements or

6

whether appellant had any relationship with the signatories. Indeed, still absent from appellant's argument on appeal is any explanation of the connection between it and the three signatories to the Agreements. Without evidence of any relationship between appellant and the signatories to the Agreements, the trial court properly denied the petition to compel arbitration.

**DISPOSITION**

The order denying the petition to compel arbitration is affirmed. Hoyle is entitled to her costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J. *

FERNS

We concur:


_____, P. J.

BOREN


_____, J.

CHAVEZ

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.