Filed 5/21/21  Miller v. MBK Senior Living CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BETTY MILLER, as represented, etc.,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MBK SENIOR LIVING, LLC et al.,<br><br>    Defendants and Appellants. | G059947<br><br>(Super. Ct. No. 30-2020-01168549)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Nathan R. Scott, Judge.  Affirmed.

Giovanniello Law Group, Alexander F. Giovanniello and Thomas C. Swann for Defendants and Appellants.

Burke│Argos, Sean M. Burke and Jason N. Argos for Plaintiff and Respondent.

\*          \*          \*

## INTRODUCTION

Plaintiff Betty Miller filed a complaint alleging elder abuse and negligence against the residential care facility for the elderly where she lived, that facility's licensee, and the entity that has served as the licensee's owner, operator, administrator, director, and manager. Plaintiff is 99 years old and represented in this action by her guardian ad litem, Bart Barrett, M.D. The three defendants filed a petition to compel arbitration based on the arbitration provision contained in plaintiff's assisted living residence and services agreement. That agreement stated that the parties agreed to submit all claims related to that agreement to binding arbitration "administered by the National Arbitration Forum under the Code of Procedure then in effect."

The trial court denied the petition to compel arbitration. The court concluded the arbitration provision was unenforceable because the National Arbitration Forum (NAF) was no longer in the business of providing arbitration services and the parties' selection of NAF was integral to the parties' agreement. The court also rejected defendants' argument that it should sever the provision's references to NAF and compel arbitration naming a different arbitral forum. We agree and affirm.

## FACTS AND PROCEDURAL HISTORY

In November 2020, plaintiff filed a complaint against S-H Huntington Terrace OPCO, LLC, MSL Community Management, LLC, and MBK Senior Living, LLC (collectively referred to as defendants) alleging claims for elder abuse and negligence based on the injuries she suffered in 2020 as a resident of the residential care

facility known as Huntington Terrace.[1]  According to the complaint, plaintiff became a resident of Huntington Terrace in 2015.

In December 2020, defendants filed a petition to compel arbitration and for an order staying proceedings pending arbitration.  The motion was based on the ground "there is a written agreement between [plaintiff] and Defendants providing for arbitration of all disputes arising out of or relating to [plaintiff's] admission to Huntington Terrace."

Defendants produced a copy of the parties' assisted living residence and services agreement, signed on November 16, 2015 by Barrett on plaintiff's behalf, which contained the following arbitration provision:  "BOTH PARTIES UNDERSTAND THAT AGREEING TO ARBITRATION IS NOT A CONDITION OF YOUR ADMISSION TO HUNTINGTON TERRACE.  By initialing the line at the end of this paragraph, however, you agree that any and all claims and disputes arising from or related to this Agreement or to your residency, care or services at Huntington Terrace, whether made against us or any other individual or entity, shall be resolved by submission to neutral, binding arbitration . . . .  Both parties give up their constitutional rights to have any such dispute decided in a court of law before a jury, and instead accept the use of arbitration.  *Arbitrations shall be administered by the National Arbitration Forum under the Code of Procedure then in effect*.  Arbitrations shall be conducted by a single arbitrator agreed to by the Parties, *or if the Parties cannot agree upon an arbitrator, before an arbitrator assigned by the National Arbitration Forum*.  Arbitrations will be held at an agreed upon location, or in the absence of such agreement, at Huntington Terrace.  The dispute will be governed by the laws of California.  The arbitrator's fee shall be shared equally by the Parties.  Any award by the arbitrator may

---

[1] Plaintiff also sued Ratul Chatterjee, M.D. for negligence and fraudulent concealment, and Lorian Health, Inc. for elder abuse and negligence.  Those two defendants were not parties to the assisted living residence and services agreement or the petition to compel arbitration.  They are not parties on appeal.

3

be entered as a judgment in any court having jurisdiction.  In reaching a decision, the arbitrator shall prepare findings of fact and conclusions of law.  Each party shall bear its own costs and fees in connection with the arbitration.  This arbitration clause binds all parties to this Agreement and their spouse, heirs, representatives, executors, administrators, successors, and assigns, as applicable.  After termination of this Agreement, this arbitration clause shall remain in effect for the resolution of all claims and disputes that are unresolved as of that date."  (Italics added.)

The assisted living residence and services agreement contained the following "Miscellaneous" provision:  "Any provision of this Agreement is invalid under applicable law, such provision shall be ineffective to the extent of such invalidity only, without invalidating the remainder of this Agreement."

Plaintiff opposed the petition on the ground NAF is no longer in the business of providing arbitration services and thus is not available to arbitrate the parties' dispute.[2]  In supplemental briefing requested by the trial court, defendants confirmed that "NAF is not available to administer the Arbitration" in this case, but argued that because the references to NAF as the arbitration forum are not integral, the trial court should sever such references from the agreement and otherwise compel arbitration of plaintiff's claims pursuant to the procedures set forth in section 1281.6 of the Code of Civil Procedure.

The trial court denied the motion to compel arbitration.  The court's minute order explained:  "'"[A]n agreement to arbitrate before a particular forum is as integral a term of a contract as any other, which courts must enforce."'  [Citation.]  [¶]  "'If an arbitration agreement designates an exclusive arbitral forum . . . , and arbitration in that

---

[2]  Plaintiff also argued the petition should be denied because her claims against Dr. Chatterjee and Lorian Health, Inc. are not subject to arbitration because neither is a party to the assisted living residence and services agreement and its arbitration provision. Because we conclude, like the trial court, that the arbitration provision is unenforceable for the reasons discussed *post*, we do not need to address this argument.

4

forum is not possible, courts may not compel arbitration in an alternative forum by appointing substitute arbitrators . . . .'" [Citation.] [¶] There is no dispute the parties contracted for arbitration 'administered by the National Arbitration Forum under the Code of Procedure then in effect.' There is also no dispute NAF will not arbitrate this case. [¶] Thus, the court will not compel arbitration in an alternative forum or with a substitute arbitrator. [¶] The parties' selection of the arbitrator provider is an 'integral' contract term. [Citation.] The court declines to follow defendants' federal cases, as they are contrary to controlling California law and, in any event, unpersuasive."

The trial court also explained that severance of the NAF references in the arbitration provision was inappropriate: "The contract allows severance only of provisions that are 'invalid under applicable law.' But the choice of arbitrator was not invalid as a matter of law--the chosen arbitrator has 'refused to participate.' [Citation.] The appropriate consequence is for the parties to resolve their dispute in court."[3]

Defendants appealed.


## DISCUSSION

## I.

### GENERALLY APPLICABLE LEGAL PRINCIPLES AND STANDARD OF REVIEW

"[W]hen a petition to compel arbitration is filed and accompanied by prima facie evidence of a written agreement to arbitrate the controversy, the court itself must determine whether the agreement exists and, if any defense to its enforcement is raised, whether it is enforceable. Because the existence of the agreement is a statutory prerequisite to granting the petition, the petitioner bears the burden of proving its existence by a preponderance of the evidence." (*Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 413.)

---

[3] In its minute order, the trial court denied plaintiff's request for sanctions against defendants.

5

We review an order denying a petition to compel arbitration under the substantial evidence standard unless the trial court considered no extrinsic evidence, in which case we review the order de novo. (*Lane v. Francis Capital Management LLC* (2014) 224 Cal.App.4th 676, 683.)

## II.

### THE ARBITRATION PROVISION OF THE PARTIES' AGREEMENT IS UNENFORCEABLE.

Defendants argue the trial court erred by concluding that the arbitration provision's term that any arbitration would be conducted by NAF under its Code of Procedure was integral to the parties' agreement to arbitrate disputes. They also argue that given NAF's unavailability to administer the arbitration of the parties' dispute, the court should have severed the terms relating to NAF and compelled arbitration with another administrator. Defendants' arguments are without merit.

It is well established in California case law that "'[a]n agreement to arbitrate before a particular forum is as integral a term of a contract as any other, which courts must enforce.'" (*Alan v. Superior Court* (2003) 111 Cal.App.4th 217, 228 (*Alan*).) Furthermore, "'[i]f an arbitration agreement designates an exclusive arbitral forum . . . , and arbitration in that forum is not possible, courts may not compel arbitration in an alternate forum by appointing substitute arbitrators.'" (*Ibid.*; see *Provencio v. WMA Securities, Inc.* (2005) 125 Cal.App.4th 1028, 1032 ["When the parties to a contract agree to arbitrate any disputes before a particular forum, that provision becomes an integral part of their contract. If that forum is not available to hear the dispute, then a petition to compel arbitration may not be granted"]; *Martinez v. Master Protection Corp.* (2004) 118 Cal.App.4th 107, 111 (*Martinez*) ["the trial court lacked authority to appoint an arbitrator after the chosen arbitral forum refused to conduct the arbitration"].)

In *Alan, supra*, 111 Cal.App.4th at page 219, an investor signed investment agreements which included the requirement that all controversies between her and her brokers be decided by arbitration before one of the securities industry's self-regulatory

6

organizations (SRO's). After the investor died, the investor's heir filed a civil action against the brokers for, among other things, making "unauthorized, risky investment decisions that increased their commissions and substantially reduced the value of the accounts." (*Id.* at p. 221.) Notwithstanding that by filing the action, the heir did not elect an SRO forum, even if it had, no SRO's would agree to conduct the arbitration of the heir's claims in California because none wished to be subject to the ethical standards for arbitrators that had been recently promulgated by the California Judicial Council. (*Id.* at p. 219.)

The brokers moved to compel arbitration pursuant to the Federal Arbitration Act, seeking to have the dispute heard by NASD which was the SRO of their choosing. (*Alan, supra*, 111 Cal.App.4th at p. 223.) The brokers argued that NASD would arbitrate the dispute if the heir waived application of the ethical standards or agreed to hold the arbitration outside of California and thus outside the reach of the ethical standards. (*Id.* at p. 219.) The heir declined both options and the trial court granted the brokers' motion to compel arbitration. (*Ibid.*)

The appellate court issued a peremptory writ of mandate vacating the order compelling arbitration. (*Alan, supra*, 111 Cal.App.4th at p. 231.) The court stated: "As we read the arbitration provisions, the parties are required, as an integral part of the agreements between them, to submit their disputes to an arbitral forum designated in the arbitration provisions. Thus, if an SRO—here, the NASD, the forum selected by the brokers—declines to hear the matter, the dispute is to be tried in court. In other words, the arbitration provisions mean that *all* arbitrations must be conducted in a *forum* convened by, and subject to the *rules* of, the chosen SRO. This is so because . . . the arbitration provisions encompass more than the simple task of appointing an arbitrator. They determine the selection of a 'forum'—a court *or* arbitral tribunal—each with its own set of rules and procedures." (*Id.* at p. 224.) The court held that because NASD refused to provide the arbitral forum in California pursuant to the parties' agreement,

7

"there is no further promise to arbitrate in another [arbitral] forum" and, unless there was a basis for the dispute to be resolved outside of California, it must be resolved in court. (*Id.* at p. 226.)

The *Alan* court rejected the defendants' reliance on Code of Civil Procedure section 1281.6 in its effort to compel arbitration. Section 1281.6 provides in relevant part: "If the arbitration agreement provides a method of appointing an arbitrator, that method shall be followed. If the arbitration agreement does not provide a method for appointing an arbitrator, the parties to the agreement who seek arbitration and against whom arbitration is sought may agree on a method of appointing an arbitrator and that method shall be followed. In the absence of an agreed method, or if the agreed method fails or for any reason cannot be followed, or when an arbitrator appointed fails to act and his or her successor has not been appointed, the court, on petition of a party to the arbitration agreement, shall appoint the arbitrator."

The *Alan* court explained: "Section 1281.6 is of no relevance here. It governs only the method of appointing an arbitrator. But, as already discussed, the issue in this case is not so limited because [defendants] seek[] an arbitral *forum* provided by the NASD, including the application of the NASD's *rules*. Section 1281.6 'appears to be simply a legislative means of implementing [California's] policy in favor of arbitration by permitting parties to an arbitration contract to expedite the *arbitrator selection process*.' [Citation.] It does not provide an arbitral forum when an SRO declines to participate." (*Alan, supra*, 111 Cal.App.4th at p. 227.)[4]

---

[4] Section 5 of the Federal Arbitration Act (9 U.S.C. § 5) mirrors section 1281.6. (*Alan, supra*, 111 Cal.App.4th at p. 227.) The *Alan* court observed that in the federal context: "'[Case law does not] stand[] for the proposition that . . . courts may use [the Federal Arbitration Act] to circumvent the parties' designation of an exclusive arbitral forum . . . . [W]here "it is clear that the failed [forum selection] term is not an ancillary logistical concern but rather is as important a consideration as the agreement to arbitrate itself, a court will not sever the failed term from the rest of the agreement and the entire arbitration provision will fail."'" (*Id.* at p. 228, quoting *In re Salomon Inc. Shareholders'*

The *Alan* court concluded "the arbitration provisions will fail in their entirety without NASD participation because the forum selection provisions are an integral part of the agreements to arbitrate. The parties agreed to an NASD forum, and the NASD will not provide one in California." (*Id.* at p. 228 ["'Where the parties have agreed explicitly to settle their disputes before particular arbitration fora, that agreement must control . . . . To hold otherwise would require us to impose a strained construction on a straightforward agreement. It is far better to interpret the agreement based on what is specified, rather than attempt to incorporate other remote rules by reference'"]; see *Martinez, supra*, 118 Cal.App.4th at p. 121 ["Section 1281.6 does not permit the trial court to choose an alternative forum when the chosen forum refuses to hear the case"].)

Here, in 2015, plaintiff entered into the assisted living residence and services agreement provided by defendants which included an arbitration provision selecting NAF as the arbitral forum and NAF's Code of Procedure as controlling. When in November 2020 plaintiff sued defendants for injuries she suffered earlier in the year, defendants petitioned to compel arbitration pursuant to the arbitration provision of their agreement requiring the arbitration to be administered by NAF, under its Code of Procedure, although defendants later conceded NAF is unavailable to provide such services.

For all of the reasons explained in *Alan* and *Martinez*, the NAF arbitral forum and procedure terms selected by defendants were integral to the arbitration provision of the assisted living residence and services agreement. That NAF is no longer available to serve as arbitral forum renders the arbitration provision unenforceable.

*Derivative Lit.* (2d Cir. 1995) 68 F.3d 554, 561, italics omitted.) The *Alan* court acknowledged "that consistent with the California Arbitration Act and the Federal Arbitration Act, if the obstacle to arbitration can be resolved by the appointment of an arbitrator, a court may, under circumstances not present here, make such an appointment and compel the parties to arbitrate. [Citations.] But, as stated, in this case, the appointment of an arbitrator is not an adequate alternative to an NASD forum." (*Alan, supra*, at pp. 228-229.)

Defendants argue *Alan* and *Martinez* are inapposite because "neither case discusses the impact of a severability provision found within the underlying agreement." In other words, notwithstanding the integral nature of the terms selecting NAF as arbitral forum under its Code of Procedure, defendants in essence argue the trial court erred by failing to apply the severability provision to redraft the arbitration provision to select and insert a new arbitral forum and procedures and to then compel arbitration of the current dispute accordingly. Defendants do not cite any California authority supporting its argument and we have found none. We conclude defendants' proposed application of the severability provision to reform an integrally unenforceable arbitration provision is unfounded.

In any event, the severability provision here only applies to provisions of the assisted living residence and services agreement that are "invalid under applicable law." Defendants' selection of NAF as arbitral forum under its Code of Procedure was not invalid under any law. The selection of NAF was unenforceable due only to NAF's unavailability. Thus, the federal cases cited by defendants are inapt. We find no error.

## DISPOSITION

The order is affirmed.  Respondent shall recover costs on appeal.


FYBEL, J.

WE CONCUR:


O'LEARY, P. J.


GOETHALS, J.