NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT PETERS, individually and on behalf of all those similarly situated,

Plaintiff - Appellee,

v.

GUARANTEED RATE, INC.; VICTOR CIARDELLI; NIKOLAOS ATHANASIOU,

Defendants - Appellants.

No. 24-3679

D.C. No. 3:23-cv-05602-VC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted July 8, 2025[**]
San Francisco, California

Before: H.A. THOMAS and DE ALBA, Circuit Judges, and RAKOFF, District Judge.[***]

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Guaranteed Rate, Inc. ("GRI") appeals the district court's order denying its motion to compel arbitration of an arbitration agreement ("the Agreement") between former employee Robert Peters and GRI. We have jurisdiction under 9 U.S.C. § 16(a)(1)(B). We review de novo the denial of a motion to compel arbitration. *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 921 (9th Cir. 2013). We review for abuse of discretion the district court's choice not to sever unconscionable provisions from an arbitration agreement governed by California law. *Bridge Fund Cap. Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1000 (9th Cir. 2010). We affirm.

1. The district court correctly held that the Agreement was procedurally unconscionable. *See Armendariz v. Found. Health Psychcare Servs., Inc.*, 6 P.3d 669, 690 (Cal. 2000) (noting that unconscionability has both "procedural" and "substantive" elements). The parties do not meaningfully dispute that the Agreement, which was a take-it-or-leave-it employment condition, amounted to an adhesion contract. "An arbitration agreement that is an essential part of a 'take it or leave it' employment condition, without more, is procedurally unconscionable." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1282 (9th Cir. 2006) (quoting *Martinez v. Master Prot. Corp.*, 118 Cal. App. 4th 107, 114 (2004)). The contract was also oppressive, as indicated by the lack of opportunity for Peters to negotiate and the two-day timeline for Peters to accept or reject wholesale the terms of the

Agreement. *See Heckman v. Live Nation Ent., Inc.*, 120 F.4th 670, 682 (9th Cir. 2024) ("Oppression arises from an inequality of bargaining power that results in no real negotiation and an absence of meaningful choice." (quoting *Flores v. Transamerica HomeFirst, Inc.*, 93 Cal. App. 4th 846, 852 (2001))); *see also Ali v. Daylight Transp., LLC*, 59 Cal. App. 5th 462, 474–75 (2020) (holding that allowing an employee only one to four days to review an employment contract constitutes "significant oppression" (citing *OTO, LLC v. Kho*, 447 P.3d 680, 691 (Cal. 2019))).

Some of the Agreement's provisions, moreover, were so mutually contradictory as to make their meanings "opaque." *See Ronderos v. USF Reddaway, Inc.*, 114 F.4th 1080, 1091 (9th Cir. 2024) (noting that "opaque" or confusing provisions can create unfair surprise and render an agreement procedurally unconscionable). Section VII of the Agreement mandated arbitration, but Section VIII seemed to anticipate litigation by requiring that Peters "irrevocably consent to the exclusive jurisdiction of the state and federal courts located in Cook County, Illinois, for the purposes of any action or proceeding relating to or arising out of this Agreement and/or your employment with the Company."[1]

---

[1] We reject Peters' argument that there was unfair surprise with respect to the visual representation of the arbitration provision. While it is true that the arbitration provision did appear toward the end of the Agreement, it was clearly labeled as

2. The district court also correctly held that the Agreement is substantively unconscionable. *See Armendariz*, 6 P.3d at 690 (noting that courts must be "particularly attuned to claims that employers with superior bargaining power have imposed one-sided, substantively unconscionable terms as part of an arbitration agreement"). The Agreement violates California law by requiring arbitration in Illinois and by imposing a one-way fee-shifting provision on Peters. Section 925 of the California Labor Code expressly prohibits an employer from (1) requiring an employee who primarily resides and works in California to adjudicate a claim arising in California outside of California, or (2) depriving such an employee of the substantive protection of California law with respect to any controversy arising in California. Cal. Lab. Code § 925(a).[2] The Agreement's structure reinforces its one-sidedness by mostly carving out exemptions to arbitration for claims likely to be brought by GRI, rather than Peters.

The Agreement's fee-shifting provision violates Section 1717(a) of the California Civil Code. *See* Cal. Civ. Code § 1717(a) (prohibiting one-way

---

such with a distinctive header. *Cf. Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*, 282 P.3d 1217, 1232 (Cal. 2012) (describing unfair surprise as occurring where an unconscionable provision is "hidden within a prolix printed form").

[2] We reject GRI's argument that Section 925 does not apply because Peters signed the Agreement before the statute's effective date. GRI executed the Agreement on January 5, 2017, which post-dates the effective date of the statute.

24-3679

attorneys' fees provisions). Both we and California courts have repeatedly held that one-sided attorneys' fees provisions are unconscionable. *See, e.g.*, *Lim v. TForce Logistics, LLC*, 8 F.4th 992, 1002 (9th Cir. 2021) (explaining that "substantive unconscionability exists when a fee-shifting clause creates for employees a greater financial risk in arbitrating claims than they would face if they were to litigate those same claims in federal court" (internal quotation marks omitted)); *Carmona v. Lincoln Millennium Car Wash, Inc.*, 226 Cal. App. 4th 74, 88 (2014) (finding an attorneys' fees provision to be substantively unconscionable because it allowed a company to recover fees when "[n]o reciprocal provision exists allowing employees to recover attorney fees").

3. The district court did not abuse its discretion by declining to sever the offending clauses of the Agreement. *See Armendariz*, 6 P.3d at 696–97 (noting that where a contract contains more than one unlawful provision, the trial court does not abuse its discretion in declining to sever these provisions). The district court found that GRI had been on notice from prior litigation concerning agreements containing identical language that these provisions were unconscionable. *See Chun Ping Turng v. Guaranteed Rate, Inc.*, 371 F. Supp. 3d 610, 626–31 (N.D. Cal. 2019) (finding an identical arbitration provision to be substantively unconscionable and a choice of law provision to have a "high degree of substantive unconscionability"); *see also Pereyra v. Guaranteed Rate, Inc.*, No. 18-cv-06669-

5                                                                 24-3679

EMC, 2019 WL 2716519, at *7–10 (N.D. Cal. June 28, 2019) (finding multiple clauses, including the arbitration provision and the attorneys' fees provision, to be unenforceable because they had "a high degree of substantive unconscionability"). And because the district court found the Agreement to have been "riddled with substantively unconscionable provisions," the district court did not abuse its discretion in declining to sever these provisions. *See Armendariz*, 6 P.3d at 696–97.

**AFFIRMED.**